## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**PAUL KEITH REYES**,

     Plaintiff,

vs.                                 Civ. No. 10-343 JCH/RLP

**THE STATE OF NEW MEXICO;**
**VICTOR MANUEL OLVERA BADGE NO. 743;**
**P.O. RICO BADGE NO. 814;**
**SHAWN MCWHETHEY MEMORIAL SUBSTATION**,

     Defendants.

## ORDER DISMISSING COMPLAINT and
## ORDERING PLAINTIFF TO SHOW CAUSE WHY FILING RESTRICTIONS
## SHOULD NOT BE IMPOSED

**THIS MATTER** comes before the Court on pro-se Plaintiff Paul Keith Reyes' Motion to Proceed *In Forma Pauperis* with Financial Affidavit, filed April 12, 2010, *see* Doc. 2, and on the Court's concomitant obligation "to review the affidavit and screen [his] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. Even if a plaintiff is indigent, if a complaint that a plaintiff seeks to file without prepaying filing fees fails to state a claim on which relief may be granted, it must be dismissed. *See* § 1915(e)(2)(B)(ii); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n. 5 (10th Cir. 2006) (noting that dismissal of such complaints is mandatory under § 1915(e)(2)(B)(ii)).

I.     **Applicable standards.**

In screening Reyes' Complaint under § 1915(e)(2)(B), the Court resolves the issue of whether it states a claim on which relief may be granted by applying the same standards used in resolving motions to dismiss for failure to state a claim brought under FED. R. CIV. P. 12(b)(6).  *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).  This means that the Court must

> look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief.   Rather than adjudging whether a claim is 'improbable,' factual allegations in a complaint must be enough to raise a right to relief above the speculative level.  In addition, [the Court] must construe a pro se [] complaint liberally.

*Id.* at 1218 (internal quotation marks, original brackets, and citations omitted).  In screening the Complaint, the Court will accept as true Reyes' factual allegations and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to Reyes.  *See id.* at 1217.

But in the wake of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and the more recent case of *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937 (2009), courts must carefully scrutinize a plaintiff's complaint to determine if an actionable claim is asserted.  In *Twombly*, the Court noted that the pleading standard of FED. R. CIV. P. 8 does not require "detailed factual allegations," 550 U.S. at 555, but the Rule demands more than an unadorned "defendant-unlawfully-harmed-me" account, *Iqbal*, 129 S. Ct. at 1949.  The Supreme Court warned against pleadings that offer "labels and conclusions" or "a formulaic recitation of the elements of the cause of action . . . ."  These, the Court stated, "will not do." *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557.  In *Ashcroft v. Iqbal*, the Supreme Court noted:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement" but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (internal citations omitted).

In every case brought in federal court, the plaintiff must allege sufficient facts to show that he has standing to bring a claim.  "To establish Article III standing, the plaintiff must show injury in fact, a causal relationship between the injury and the defendants' challenged acts, and a likelihood that a favorable decision will redress the injury."  *People for the Ethical Treatment of Animals v. Rasmussen*, 298 F.3d 1198, 1202 (10th Cir. 2002).  The injury-in-fact requirement requires the plaintiff to show "an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks, citations, and footnote omitted).  "Typically, . . . the standing inquiry requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted."  *Allen v. Wright*, 468 U.S. 737, 752 (1984).

## II.    Reyes has no standing to bring the Complaint.

Reyes alleges that his civil rights were violated; that he was "deprived of . . . the freedom to free enterprise;" and that he was "prevented from transacting his business" when, on April 7, 2010, Officers Olvera and Rico towed away a Kenworth truck from his parents' house.  Doc. 1 at 2-4.  He contends that the truck was a "joint investment" with his father, Pablo, who owns a firewood business.  *Id.* at 4.  "Pablo made a deal with Mr. Loui C. Roybal for 50 cords of wood in exchange for the 1977 Kenworth."  *Id.*  According to Reyes' Complaint, Roybal told the Officers that *Roybal* "had a title lien since the owner did not pay him the money owed Loui.  Also that Loui

3

sold the truck to Pablo Reyes and Paul Keith Reyes for 50 cords of wood." *Id.* at 5.  In several portions of the Complaint, including the request for relief for $10 million dollars for "extreme mental pain and suffering," *id.* at 13, Reyes has included Roybal as a complainant.  For example, the Complaint states: "Reyes and Roybal claim that the police took the main prospecting business vehicle with no due process of law."  *Id.* at 6.  Reyes signed the Complaint as "Austin's Firewood Fuels by Paul Keith Reyes," *id.* at 10, but neither Roybal nor Austin Firewood Fuels is named as a plaintiff in the style of the case.

The Court takes judicial notice that Reyes has established in other litigation that Austin's Firewood Fuels is owned by Pablo Reyes and that Paul Keith Reyes is only an employee of the company. *See Reyes v. Chaves*, No. 09cv1174 Doc. 5 at 3 (D.N.M. Jan. 14, 2010) (noting that Reyes filed a financial statement stating that he is a "'self-employed' 'laborer'" working for his father's firewood business that is run out of his father's home" and that "Reyes has established that Pablo Reyes, and not himself, owns the firewood business that Reyes works for").  In his financial affidavit filed in this case, Reyes swears that he is employed by "Austin's Firewood Fuels" but had no income from his employment in March 2010; that he owns no real property; and that his only asset is a 1983 Ford Ranger pickup.

Accepting Reyes' allegations and his financial affidavit as true, the Complaint thus establishes that the truck is legally owned by a third party not named in the Complaint and not by Paul Keith Reyes; that Roybal only has a *lien* on the truck's title and had reached an agreement to sell his interest in the truck to be the "main prospecting business vehicle" for the firewood business owned by Pablo Reyes; that the barter was to be in exchange for wood that the firewood business, and not Paul Keith Reyes, owned; and that the truck was removed from Pablo Reyes' home, where he operates his business, and not from property that Paul Keith Reyes owns.  Paul Keith Reyes has

alleged no facts to show that he is the owner in fact of the truck, and he has established that he is only an employee of the firewood business. He cannot establish any injury-in-fact to himself or to property or a business that he owns. Paul Keith Reyes, therefore, has no standing to bring suit regarding either the towing of the truck that did not belong to him and was not taken from his property, or for any alleged damage to, or interference with, his father's firewood business. *See Lujan*, 504 U.S. at 560; *see also Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others."). His Complaint must be dismissed.

## III. Reyes shall show cause why the Court should not impose filing restrictions.

"The right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *In re Winslow*, 17 F.3d 314, 318 (10th Cir. 1994) (internal quotation marks and brackets omitted). "The goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous claims." *Id.* (internal quotation marks omitted). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989). Thus, the Court may impose restrictions on a party's ability to file claims where it gives that party notice and an opportunity to respond, and provides clear guidance about what a plaintiff must do to obtain permission to file an action. *See id.* at 353-54. When a party has engaged in an abusive pattern of litigation, it is appropriate for the court to enjoin that litigant from filing any claims without first seeking prior leave of the court. *See In re Winslow*, 17 F.3d at 316; *Werner v. Utah*, 32 F.3d 1446, 1448 (10th Cir. 1994).

The Court takes judicial notice, *see United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (stating, "we may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand"), that Reyes has engaged in an abusive pattern of filing frivolous lawsuits in this Court, appearing pro se and IFP.

In an opinion issued January 14, 2010, this Court denied Reyes' motion to proceed IFP and dismissed his complaint as frivolous and for failure to state a cognizable claim under § 1915(e)(2)(B). *See Reyes v. Chaves*, No. 09cv1174, Doc. 5 (D.N.M. Jan. 14, 2010). The Court set forth six additional cases that Reyes had previously brought, some of which are against some of the same governmental agencies and entities that he names in this case:

> He filed five cases in this Court in 2009 and one in 2006, five of which have now been dismissed as frivolous or for failure to state a claim or by stipulation. *See Reyes v. McWhethey Memorial Substation*, No. 06cv1131 LH/LFG (D.N.M. Jan. 8, 2007) (dismissing civil rights claim against substation for failure to state a claim); *Reyes v. Rivera*, No. 09cv0068 MCA/ACT (D.N.M. Sept. 14, 2009) (stipulated dismissal of civil-rights claims against two Valencia county police officers who were called for assistance during Reyes' encounter with employees at the Los Lunas branch of the taxation and revenue department); *Reyes v. Unknown Agents*, No. 09cv0069 MCA/WDS (D.N.M. Jan. 13, 2010) (dismissing civil rights complaint against officers employed by the Mountainair Police Department because Reyes could not show that the officers violated his constitutional rights); *Reyes v. Toulouse-Oliver*, No. 09cv0070 (D.N.M. February 2, 2009) (denying leave to proceed IFP and dismissing with prejudice case against clerk who refused to issue voter's registration card to Reyes because he is a felon for failure to state a claim), *aff'd* No. 09-2043 (10th Cir. Aug. 25, 2009); *Reyes v. Snow*, No. 09cv512 JCH/RHS[1] (civil rights complaint against attorney and legal assistant employed by the Child Support division of Arizona's Human Services Department for seeking enforcement of child-

---

[1] On January 15, 2010, I dismissed Reyes' Complaint for lack of subject-matter jurisdiction because the state employees whom Reyes sued were entitled to share in the State's sovereign immunity and because this Court could not reverse or intervene in Arizona state-court child-support proceedings. *See Reyes v. Snow*, No. 09cv512 JCH/RHS Doc. 29 at 2-3 (D.N.M. Jan. 15, 2010). I also warned Reyes that "if he continues to file frivolous suits, the Court may impose sanctions and/or filing restrictions." *Id.* at 4.

support orders in New Mexico).

*Id.* at 13.  The Court explained to Reyes that he cannot sue the State of New Mexico or an Albuquerque Police Department Substation for violation of civil-rights statutes, *see id.* at 6 (dismissing Reyes' claims against the State because "'nonconsenting States may not be sued by private individuals in federal court'"); *id.* at 7 n.1 (noting that in 2007 Judge Hansen had dismissed Reyes' complaint in *Reyes v. Shawn McWhethey Memorial Substation*, No. 06cv1131 LH/LFG Doc. 5 (D.N.M. Jan. 8, 2007), because the Shawn McWhethey Memorial Substation "is not a legal entity amenable to suit under § 1983"); and that he cannot bring suit under criminal statutes, *see id.* at 12 (noting that Reyes' attempt "to bring criminal claims against the Defendants" and to request "their prosecution . . . are frivolous and must be dismissed with prejudice").  The Court instructed Reyes that he could not bring claims on behalf of his father or his father's firewood business.  *See id.* at 12.  The Court warned Reyes that "if he continues to file frivolous complaints, sanctions and filing restrictions may be imposed against him."  *Id.* at 13.

Reyes has ignored the Court's instructions and the law and has again sued the State and the Substation, again attempts to bring claims under criminal statutes, and again attempts to bring claims that may belong either to Roybal or to Pablo Reyes or to Pablo Reyes' firewood business.  The burden Reyes has placed on this Court because of his frivolous filings is a heavy one.  Reyes shall show cause in writing, within 14 days of the filing of this Order, why he should not be sanctioned by the imposition of filing restrictions to stop his abusive behavior of filing frivolous suits in this District.

**IT IS ORDERED** that Reyes' motion to proceed IFP (Doc. 2) is **DENIED** and the case is **DISMISSED** as frivolous, for lack of standing, and for failure to state a claim under § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Reyes shall show cause in writing, within 14 days of the filing of this Order, why filing restrictions should not be imposed against him.  If Reyes fails to respond, the Court will issue filing restrictions without further notice.

_____
UNITED STATES DISTRICT JUDGE