IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**PAUL KEITH REYES**,

    Plaintiff,

vs.                                                               Civ. No. 10-343 JCH/RLP

**THE STATE OF NEW MEXICO;**
**VICTOR MANUEL OLVERA BADGE NO. 743;**
**P.O. RICO BADGE NO. 814;**
**SHAWN MCWHETHEY MEMORIAL SUBSTATION**,

    Defendants.

## ORDER IMPOSING FILING RESTRICTIONS

**THIS MATTER** comes before the Court on its Order requiring pro se Plaintiff Paul Keith Reyes to show cause in writing why he should not be sanctioned by the imposition of filing restrictions to stop his abusive behavior of filing frivolous suits in this District. *See* Doc. 7. On May 24, 2010, Reyes filed a *Motion for Good Cause and; Disqualify 28 U.S.C. 144*, *see* Doc. 8, that fails to address the issue whether filing restrictions should be imposed. Instead, Reyes requests that his case against the Defendants be allowed to go forward pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971); argues that he has a right to a "grand jury demand in order to present a valid contract between Roybal and Reyes;" and requests that I be disqualified and another judge appointed because I have made rulings in other cases involving Reyes and, therefore, he "suspects a conflict of intrest [sic] and bias in decision making." Doc. 8 at 1, 2, and 3.

Insofar as Reyes' document may be liberally interpreted as a motion for reconsideration, I note that, because no facts show that Officer Olvera is a federal agent, he cannot state a *Bivens* claim against him. *See Romero v. Peterson*, 930 F.2d 1502, 1506 (10th Cir. 1991) ("To state a *Bivens*

action, [a] plaintiff must allege circumstances sufficient to characterize defendants as federal actors.").

Insofar as Reyes demands a grand jury, his request is inappropriate because this is not a criminal case. "The grand jury occupies a unique role in our criminal justice system. It is an investigatory body charged with the responsibility of determining whether or not a crime has been committed." *United States v. R. Enter., Inc.*, 498 U.S. 292, 297 (1991).

Finally, I decline to recuse in this case.

> [A] judge is to recuse himself when "a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him, or in favor of any adverse party." 28 U.S.C. § 144. Such affidavits are strictly construed against the affiant and the moving party has a substantial burden in establishing the judge is not impartial. *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992).
>
> This court has explained that "disqualification is appropriate only where a reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality." *United States v. Mendoza*, 468 F.3d 1256, 1261 (10th Cir. 2006) (quoting *In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004)). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

*United States v. Stewart*, No. 09-5149, 2010 WL 1948682, *3 (10th Cir. May 17, 2010) (unpublished). Reyes has not filed the required affidavit, and his only basis for "suspecting" that I could be biased is because I have heard other cases in which he is involved. Four other judges in this District have also heard cases in which Reyes is involved and have also ruled against him, however, and Reyes can not satisfy his "heavy burden" to show that I have a "deep-seated" antagonism against him simply by raising the fact that I have heard one of his cases.

The Court finds that Reyes' egregious history of filing repetitive, vexatious and frivolous

lawsuits in this District cannot be ignored, and that he has been warned that continuing the behavior will result in filing restrictions. Reyes has not shown good cause why restrictions should not be imposed. The frivolous litigation history recited in the Court's May 10, 2010 Order and documented in other cases has caused needless expense to opposing parties and taxpayers who have absorbed the costs of serving his frivolous suits, and has diverted scarce judicial resources from addressing claims with merit. The Court concludes that Reyes shall be restricted from filing any further *pro se* cases in the District of New Mexico except under the conditions set forth below.

**IT IS ORDERED** that Reyes' *Motion for Good Cause* [Doc. 8] is DENIED; and

**IT IS FURTHER ORDERED** that Reyes may not file a complaint against any defendant in the United States District Court for the District of New Mexico, and the Clerk shall not accept a complaint naming him as the Plaintiff unless either (i) an actively and currently licensed attorney who has been admitted to practice before this Court signs the pleading and represents him or (ii) Reyes first obtains permission to proceed *pro se*. *See DePineda v. Hemphill*, 34 F.3d 946, 948-49 (10th Cir. 1994). To obtain permission to proceed *pro se*, Reyes must take the following steps:

1. File a petition with the Clerk of the Court requesting leave to file a *pro se* original proceeding.

2. Attach to the petition a fully legible copy of the proposed complaint and a notarized, legible affidavit, in proper legal form, that recites the issues Reyes seeks to present, including a short discussion of the legal right asserted, why the Court has jurisdiction over the defendants, and why his suit is not barred by the principles of res judicata or by relevant statutes of limitation. Reyes may not file any petition, complaint, affidavit, or other document that has the symbol that Reyes has improperly been using instead of a signature on the signature line, or the documents will be summarily returned to him. The affidavit must certify, to the best of Reyes' knowledge, that the

legal arguments being raised are not frivolous or made in bad faith, that they are warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, that the new suit is not interposed for any improper purpose such as delay, harassment, or to needlessly increase the cost of litigation, and that he will comply with all the rules of this Court.  If Reyes has previously sued the named defendant in state or federal court, the affidavit must set forth in detail the case information and attach a copy of Reyes' complaint that was filed in the other court, certify that the proposed new suit does not present the same issues, and explain why another suit against that defendant would not be an abuse of the system.

     3.  Reyes shall submit his petition, proposed complaint, affidavit, and a copy of these filing restrictions to the Clerk of the Court, who shall forward them to the Chief Magistrate Judge of the United States District Court for the District of New Mexico for review to determine whether to permit the filing of a *pro se* original proceeding.  Without the Chief Magistrate Judge's approval, and the concurrence of the Chief Judge of this Court, the Clerk will not accept a petition or complaint for filing.  If the Chief Magistrate Judge and Chief Judge approve the filing, an order shall be entered indicating that the petition/complaint may be filed and may proceed in accordance with the Federal Rules of Civil Procedure.

    _____
UNITED STATES DISTRICT JUDGE